**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LELAND OSBORNE,

     Plaintiff,

v.

FRANCISCO CASILLAS, ET AL.,

     Defendants.

Case No.: 2:20-cv-00145-JCM-DJA

**Order**

Pending before the Court is Plaintiff's Motion for an Order Extending Time to Service Process and for Order Allowing Substituted Service of Process (ECF No. 13), filed on February 18, 2020. The Motion requests that Plaintiff be allowed to serve Defendants Francisco Casillas and Blanca Perez-Avellaneda by alternative means and for an extension of time to do so.

Specifically, Plaintiff requests a ninety (90) day extension of time to serve under Fed.R.Civ.P. 4(m). Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir.2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v.*

1

*American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed.R.Civ.P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The Court finds good cause for the requested extension. Plaintiff details the many efforts his process server has made to effectuate service in this matter on the two Defendants at issue. (ECF No. 13). Thus, the request for ninety (90) additional days to complete service is granted.

Plaintiff also requests service by alternative means for the two unserved Defendants. First, he requests alternative service on Defendant Francisco Casillas through the Nevada Department of Motor Vehicles pursuant to NRS 14.070, or certified mail addressed to Enriquez's employer, LR Transport through its agent for process, or service on Defense Counsel Tom McGrath, or any other method the Court finds appropriate. (ECF No. 13, 5). Plaintiff argues that such service is needed because (1) his attempts to identify the current address of Defendant Francisco Casillas given the confusion on which name he goes by and attempted service on available addresses have been unsuccessful, (2) counsel for Defendant Luis Manuel Rivera Leriget–Omar V. Ruvalcaba Gonzalez has refused to accept service for this Defendant despite some filings and correspondence that he was representing him, and (3) Plaintiff has no other way to determine the whereabouts of this Defendant as he is believed to be a resident of Mexico. (ECF No. 13).

Rule 4(f) governs service of individuals in a foreign country and states that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement as the court orders." The alternative method of service must comport with due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2015). Due process requires that a defendant in a civil action be given notice that is reasonably calculated to apprise the defendant of

the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust, Co.*, 339 U.S. 306, 314 (1950). Courts have relied on Rule 4(f)(3) (and its predecessor, Rule 4(i)(1)(E)) in authorizing alternative methods of service including, inter alia, service by fax, e-mail, ordinary mail and publication. *Rio Props., Inc.*., 284 F.3d at 1016.

As for service through the Nevada Department of Motor Vehicles, Plaintiff highlights NRS 14.070 as providing the authority to effectuate service on Defendant Francisco Casillas in that manner. NRS 14.070 provides for service of process on operators of motor vehicles involved in collisions and accidents in the state. Given that Plaintiff does not have a reliable email address or mailing address and Defense counsel has indicated he will not accept service for Defendant Francisco Casillas, the Court finds that Plaintiff may resort to service through the Nevada Department of Motor Vehicles for Defendant Francisco Casillas. The Court finds that Plaintiff has complied with his affirmative obligation to diligently search to determine whether Defendant Francisco Casillas has departed the state or cannot be located within the state. Accordingly, the Plaintiff may utilize service through the Nevada Department of Motor Vehicles for Defendant Francisco Casillas by complying with the requirements of NRS 14.070.

As for Defendant Blanca Perez-Avellaneda, Plaintiff represents that all attempts to serve her at the addresses located in Nevada have been unsuccessful and he seeks service via publication and mail. Fed. R. Civ. P. 4(e)(1) addresses service by publication in federal actions. Rule 4(e)(1) states that an individual may be served by following state law for serving summons in an action brought in courts of general jurisdictions in the state where the district court is located, or where service is made. Nevada Rules of Civil Procedure 4.4(c) and 4.4(c) subsections (1), (2), (3), and (4) govern service by publication as an alternative method of service. The current version of Nevada Rule reads in pertinent part as follows:

> 4.4(c) Service by Publication. If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service to be made by publication.

4.4(c)(1) Conditions for Publication. Service by publication may only be ordered when the defendant

    (A) cannot, after due diligence, be found;
    (B) by concealment seeks to avoid service of the summons and complaint; or
    (C) is an absent or unknown person in an action involving real or person property under Rule 4.4(c)(3).

4.4(c)(2) Motion Seeking Publication. A motion seeking an order for service by publication must:

    (A) through pleadings or other evidence establish that:
        (i) a cause of action exists against the defendant who is to be served; and
        (ii) the defendant is necessary or proper party to the action;
    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
        (i) the defendant's last-known address
        (ii) the date during which the defendant resided at that location; and
        (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

4.4(c)(4) The Order for Service by Publication.

    (A) In order for service by publication, the court must direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or any combination of locations. The court's designated location must be reasonably calculated to give the defendant actual notice of the proceeding. The service must be published at least once a week for a period of four weeks.
    (B) If publication is ordered and the plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last known address. The court may also order that additional notice be sent under Rule 4.4(d).
    (C) Service by publication is complete four weeks from the later of:
        (i) The date of the first publication; or
        (iii) the mailing of the summons and complaint, if mailing is ordered.

4

For a party to move for service by publication, the party must establish the service methods in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable. NRCP 4.4 (c). Rules 4.2 and 4.3 pertain to personal service within Nevada, and personal service outside Nevada, respectively. Rule 4.4(a) and (b) cover statutory service and court-ordered service, respectively. The Court finds that Plaintiff's request to serve by publication is appropriate because the service methods established by Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable for Defendant Blanca Perez-Avellaneda.

Additionally, for the Court to determine if service by publication itself is appropriate, there are two key factors to consider. The first is whether plaintiff exercised due diligence in attempting to effect personal service on defendant (NRCP 4.4(c)(1)), and the second is whether the newspaper or periodical plaintiff is attempting to publish in is reasonably calculated to give the defendant actual notice of the proceedings. NRCP 4.4(c)(2)(D).

Here, the Court finds that Plaintiff has exercised due diligence in his attempted personal service of Defendant Blanca Perez-Avellaneda. However, Plaintiff does not identify which newspaper or periodical Plaintiff will seek to utilize service by publication. As this is required by the Rule, the Plaintiffs shall file a notice within seven (7) days of the issuance of this order identifying the publications in the newspaper(s) or periodical(s) in which Plaintiff will publish. Plaintiff must also utilize alternative service for Defendant Blanca Perez-Avellaneda by mailing a copy of the summons and complaint to her last known address of 5900 West Tropicana Avenue, #48, Las Vegas, Nevada 89103.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Extending Time to Service Process and for Order Allowing Substituted Service of Process (ECF No. 13) is **granted**.

**IT IS FURTHER ORDERED** that the time for service under Fed.R.Civ.P. 4(m) is extended for 90 days for Plaintiff to effectuate service on Defendants Francisco Casillas and Blanca Perez-Avellaneda.

**IT IS FURTHER ORDERED** that Plaintiff may effectuate service by publication for Defendant Blanca Perez-Avellaneda, but must file a notice with the Court within 7 days of the

1 publications in the newspaper(s) or periodical(s) Plaintiffs will publish in that are reasonably

2 calculated to give Defendant Blanca Perez-Avellaneda actual notice of the proceedings.

3       **IT IS FURTHER ORDERED** that Plaintiff may effectuate service via the Nevada

4 Department of Motor Vehicles for Defendant Francisco Casillas by complying with the

5 requirements of NRS 14.070.

6       Dated: February 25, 2020.

7

8                         **Daniel J. Albregts**
                        **United States Magistrate Judge**

6